IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LILA CHESSER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1028-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lila Chesser seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled due to chronic pain, muscle cramps, fatigue, and an inability to focus. After her applications for disability and SSI benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 12, 2004. At the time of the hearing, plaintiff was 53 years old. She has a general equivalency diploma with one year of college, some vocational training, and past work experience as a licensed vocational nurse. Plaintiff has not engaged in substantial gainful activity since March 21, 2003.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from fibromyalgia and

depression, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a significant range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a small products assembler, a hand packer, or an inspector -- jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two grounds for relief, plaintiff contends that: (1) the assessment of her residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence; (2) the ALJ failed to properly evaluate her subjective complaints of pain.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations but is not presumptively disabled, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

In her second ground for relief, plaintiff contends that the ALJ improperly discredited her subjective complaints of pain by applying an "objective test standard" that she could not possibly meet. An ALJ is accorded wide latitude in making credibility determinations, including evaluating subjective complaints of disabling pain. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). However, that discretion is guided by the standards set forth in 20 C.F.R. § 404.1529, which provides, in pertinent part:

> Objective medical evidence . . . is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may

> have on your ability to work. We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. *However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.*

20 C.F.R. § 404.1529(c)(2) (emphasis added). *See also Pope v. Shalala*, 998 F.2d 473, 482-87 (7th Cir. 1993); *Bunnell v. Sullivan*, 947 F.2d 341, 343-48 (9th Cir. 1991) (en banc); *Cloud v. Barnhart*, No. 3-03-CV-1397-M, op. at 5 (N.D. Tex. Feb. 11, 2004) (Kaplan, J.), *rec. adopted* (N.D. Tex. Feb. 23, 2004). In the absence of objective medical evidence, the ALJ should "investigate all avenues presented that relate to subjective complaints, including the claimant's prior work record and information and observations by treating and examining physicians and third parties . . ." SSR 88-13, 1988 WL 236011 at *3 (SSA Jul. 20, 1988). Among the factors to be considered are: (1) the nature, location, onset, duration, frequency, radiation, and intensity of pain; (2) precipitating and aggravating factors; (3) type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) treatment, other than medication, for pain relief; (5) functional restrictions; and (6) the claimant's daily activities. *Id.*

Here, the ALJ rejected plaintiff's subjective complaints of disabling pain and fatigue because there was no objective medical evidence to support such complaints. As the judge explained:

> I find that the claimant has impairments which could be reasonably expected to produce some of the symptoms she has alleged, but *her complaints suggest a far greater degree of impairment than is established by the objective medical evidence alone*. While she has clearly limited her daily activities and chosen to lead a rather sedentary existence, the objective findings upon examination fail to corroborate many of her claims of debilitations, weakness, poor balance, and so forth. Diagnostic testing has not provided any evidence of significant abnormality in her muscle tissue, there are no notations reporting limited range of motion, and the claimant has remained neurologically intact upon examination despite her

> allegations to the contrary. In addition, her reports of fatigue and poor sleep may be explained by her erratic sleep patterns, as she has indicated having difficulty sleeping at night after taking multiple naps during the day. Overall, the clinical evidence strongly suggests a pattern of exaggeration and over-emphasis of relatively minor complaints.

(*See* Tr. at 20) (emphasis added). There is no indication that the judge properly considered the factors set forth in SSR 88-13 in evaluating plaintiff's subjective complaints. Two such factors, functional limitations and restrictions on daily activities, were addressed by a third-party witness, Kathy Strickland, at the administrative hearing. Strickland supervises plaintiff at her part-time job at a methadone clinic.[1] According to Strickland, plaintiff is able to work only five hours a week due to fatigue and an inability to concentrate. Even when plaintiff comes to work, she is often sent home early or requires frequent breaks to sit or lay down. Plaintiff also has difficulty handling objects, cannot stand for long periods of time, and occasionally falls down. (*See* Tr. at 45-47). None of these functions limitations were discussed in any detail by the ALJ. The judge also ignored objective medical evidence showing that plaintiff had an abnormal EMG with muscular weakness of her right biceps and positive trigger points for fibromyalgia. (*See id.* at 164, 175-86).

This legal error was compounded by the fact that fibromyalgia is a disease that cannot be conclusively confirmed by objective diagnostic tests:

> In stark contrast to the unremitting pain of which fibrositis patients complain, physical examinations will usually yield normal results--a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions. There are no objective tests which can conclusively confirm the disease; rather it is a process of diagnosis by exclusion and testing of certain "focal tender points" on

---

[1] The Commissioner argues that plaintiff's ability to work part-time may be considered in evaluating her credibility. (*See* Def. MSJ Br. at 6-7). Although a claimant's ability to work is one of many factors that may inform the ALJ's credibility determination, *see Lehman v. Apfel*, No. 7-00-CV-014-AH, 2001 WL 1335902 at *8 (N.D. Tex. Oct. 23, 2001) (citing cases), the judge did not rely on plaintiff's part-time employment to discredit her subjective complaints of pain and fatigue. Instead, the ALJ focused almost exclusively on the lack of objective medical evidence as the reason for his disability determination.

> the body for acute tenderness which is characteristic of fibrositis patients.

*Preston v. Secretary of Health and Human Services*, 854 F.2d 815, 817-18 (6th Cir. 1988). *See also Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003) (citing cases); *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001) (Ferguson, J., dissenting), *quoting* M. B. Yunus, *Fibromyalgia Syndrome: Blueprint for a Reliable Diagnosis*, Consultant, June 1996 at 120 (noting that fibromyalgia patients "usually look healthy" on examination); *Cloud*, No. 3-03-CV-1397-M, op. at 5-6. By insisting on objective medical evidence to support plaintiff's subjective complaints, the ALJ created an impossible burden for a claimant who suffers from a disease with no objective manifestations other than pain and fatigue. Because the record does not show that the ALJ properly investigated "all avenues" that relate to plaintiff's subjective complaints, the hearing decision must be reversed.[2]

## CONCLUSION

The hearing decision is reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: January 3, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.